LONNIE D. GIAMELA, SBN 228435
E-Mail  lgiamela@fisherphillips.com
BINGXI SUN, SBN 312785
E-Mail bsun@fisherphillips.com
FISHER & PHILLIPS LLP
444 South Flower Street, Suite 1500
Los Angeles, California 90071
Telephone: (213) 330-4500
Facsimile: (213) 330-4501

Attorneys for Defendant
COMPASS GROUP USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| JEFFREY BORDERS,<br><br>                    Plaintiff,<br><br>     v.<br><br>COMPASS GROUP USA, INC. dba COMPASS GROUP FOODSERVICE or "CHARTWELLS, a business entity form unknown" and DOES 1-50,<br><br>                    Defendants. | CASE NO:<br><br>[Originally Alameda Superior Court Action No: RG18892986]<br><br>**DEFENDANT COMPASS GROUP USA, INC. dba COMPASS GROUP FOODSERVICE'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446**<br><br>Complaint Filed:   February 6, 2018<br>Trial Date:       None Set |

TO THE COURT, THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION, AND PLAINTIFF JEFFREY BORDERS AND HIS COUNSEL OF RECORD:

///

///

///

///

///

///

1

DEFENDANT COMPASS GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION

FPDOCS 33918626.1

PLEASE TAKE NOTICE THAT Defendant COMPASS GROUP USA, INC. ("Defendant") hereby removes to this Court, the United States District Court for the Northern District of California, Oakland Division, the state court action described below.  This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332a, 1441, and 1446, for the reasons stated below:

## I.      STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  This action is one that may be removed to the United States District Court pursuant to 28 U.S.C. § 1441(b) and (c), because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs, as set forth below, and includes claims arising under the Constitution, laws, or treaties of the United States *See* 28 U.S.C. §§ 1332, 1441(a),(b), and (c).

## II.     VENUE

2.      This action was filed in the Superior Court for the County of Alameda.  Thus, venue properly lies in the United States District Court for the Northern District of California.  *See* 28 U.S.C. §§ 84(c), 1391, and 1441(a).

## III.    PLAINTIFF'S COMPLAINT

3.      This lawsuit arises out of Plaintiff JEFFREY BORDERS' ("Plaintiff") employment with Defendant Compass Group USA, Inc.  On February 6, 2018, Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Alameda, entitled "*Jeffrey Borders v. Compass Group USA, Inc. dba Compass Group Foodservice Or Chartwells, A Business Entity Form Unknown*" designated as Case No. RG18892986 ("State Action").  *See* Declaration of Bingxi Sun ("Sun Decl."), at ¶ 2.  A true and correct copy of the Complaint is attached as Exhibit "1" hereto.

///

///

DEFENDANT COMPASS GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION
FPDOCS 33918626.1

## IV.   TIMELINESS OF REMOVAL

4.      Plaintiff served Defendant with the Summons and Complaint effective March 12, 2018.  Sun Decl., ¶ 3.  On May 29, 2018, Plaintiff's counsel confirmed in a letter to defense counsel that the amount in controversy in Plaintiff's Complaint exceeds $75,000 in damages.  *See* Sun Decl., ¶ 6, Exhibit 4.  Thus, Defendant's counsel learned of the diversity jurisdiction on May 29, 2018, and this Notice of Removal has been filed within one year of commencement of the State Action as required by 28 U.S.C. § 1446(b).  Therefore, this Notice of Removal has been timely filed.

## *Diversity of Citizenship*

5.      This action is a civil action that provides this Court with a separate and independent basis to exercise jurisdiction over Plaintiff's alleged claims because it is an action between citizens of different states where the amount in controversy exceeds the sum of $75,000.00.  *See* 28 U.S.C. § 1332(a).

## V.   COMPLETE DIVERSITY

6.      At all relevant times, Plaintiff is and was a resident and citizen of the State of California.  *See* Complaint, at ¶ 1.  For diversity purposes, a person is a "citizen" of the state in which he is domiciled.  *See* 28 U.S.C. § 1332 (a)(1); *see also Kanotor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088 (9th Cir. 1983); *Kramer v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (confirming that a person's domicile is the place he resides with the intention to remain).

7.      For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  The phrase "principal place of business" "refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). This is the corporation's "nerve center." *Id.* at 1181. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters."

3

*Id.* at 93. This analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy*, 912 F.2s 1090, 1092-93 (9th Cir. 1990); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989) (determining "nerve center" by examining, among other factors, where the corporation's headquarters are located and where its principal policy and executive decisions are made).

8. At the time this action was filed and at the time this Notice of Removal was filed, Defendant is, and was, a corporation that is incorporated in Delaware. *See* Smith Decl., at ¶ 2. Defendant's principal place of business was located in Charlotte, North Carolina as of February 6, 2018, and is located in North Carolina as of the time of this Notice of Removal is being filed. *Id.* Defendant controls, directs, and coordinates the company's business activities at its North Carolina headquarters. *Id.* Its human resources, information technology and legal departments are all located at its North Carolina headquarters. *Id.* Defendant's Chief Executive Officer and Chief Financial Officer work in the company's North Carolina headquarters. *Id.* As such, Defendant is a citizen of the state of North Carolina.

9. Moreover, Defendants Does 1 through 25 are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

10. Because Plaintiff's California citizenship is distinct from Defendant's North Carolina citizenship, complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a).

///

DEFENDANT COMPASS GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION
FPDOCS 33918626.1

## VI.   AMOUNT IN CONTROVERSY

11.   The amount in controversy can be determined from the complaint or from other sources, including statements made in the notice of removal. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (examining complaint and notice of removal for citizenship determination); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); ("[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839-40 & n.2 (9th Cir. 2002) (considering settlement demand letter for purposes of determining amount in controversy).

12.   Based on Plaintiff's allegations and stipulation that he is seeking more than $75,000, there is no doubt that Plaintiff seeks more than $75,000.00 in damages.   Plaintiff's claims arise out of his allegations that Defendant discriminated against him, harassed him, retaliated against him, and terminated his employment based on his age, gender, and his protected activity.   *See* Complaint, at ¶¶ 19, 20, 22-26, 28, 42, 45-48, 51, 60, 62-65, 72, 76, 77, 79-82, 90, 94, 95, 107-109.

13.   In the Complaint, Plaintiff seeks exemplary damages, damages for physical and emotional injuries and pain and suffering, attorneys' fees and costs, as well as damages for back pay, loss of earnings, deferred compensation and benefits, interest on borrowed money, travel expenses, value of his time, damage to reputation, and medical expenses. *See* Complaint, at ¶¶ 29, 30, 52, 53, 66, 67, 73, 74, 83-85, 91, 92, 96, 97, 102, 103, and Prayer for Relief. *See* Complaint, at pg. 27 (Prayer for Relief).

14.   Based on Plaintiff's allegations and stipulation, it is more than likely that Plaintiff seeks more than $75,000.00 in damages.

15.   In six of Plaintiff's nine causes of action, Plaintiff seeks damages for loss of income and/or benefits.  It is more than likely that Plaintiff will seek at least

5

$75,000.00 for his alleged loss of income and/or benefits.  Moreover, Plaintiff was terminated on December 6, 2016, and it is highly likely that Plaintiff will seek lost wages from December 6, 2016, through trial.  It is also highly likely that Plaintiff will allege that he would have earned the same amount in earnings that he did in 2016, if not more, in each subsequent year of employment if he had not been terminated to support his claim for lost future earnings.  It is also more than likely that Plaintiff will seek at least several thousand dollars for the loss of benefits between December 6, 2016, and the time of trial.  Therefore, Plaintiff's damages for financial losses related to his income and benefits alone will be at least $75,000.00, but it will likely be much more.

16.    Further, in all of Plaintiff's causes of action against Defendant, Plaintiff seeks an unspecified amount of damages for emotional distress.  *See* Complaint, at ¶¶ 30, 53, 66, 73, 84, 91, 97, 102, and Prayer for Relief.  Specifically, Plaintiff claims that he suffered mental anguish and humiliation.  *See* Complaint, at ¶¶ 30, 53, 66, 73, 84, 91, 97, 102.  Because Plaintiff alleged that he has suffered mental anguish and humiliation, it is more than likely that Plaintiff will seek a substantial six figure sum for his alleged emotional distress.

17.    Additionally, Plaintiff seeks to recover an unspecified amount in attorneys' fees related to all of his causes of action.  *See* Complaint, at pg. 27 (Prayer for Relief).  It is also more than likely that attorneys' fees alone will exceed $75,000.00 if this matter goes to trial.

18.    Pursuant to 28 U.S.C. §§ 1332 and 1441(a), the State Action may be removed to the United States District Court for the Northern District of California in that it is more than likely that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and there was, at the time this action was filed, and there is now, diversity of citizenship between Plaintiff and Defendant.

///

///

6

DEFENDANT COMPASS GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION

FPDOCS 33918626.1

## VII.   NOTICE TO THE COURT AND PARTIES

19.   Promptly upon the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record and a copy of the Notice of Removal will be filed with the Clerk of the Court for the Superior Court of the County of Alameda, California pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above-described action pending in the Superior Court of California, County of Alameda, be removed to this Court.

Dated:  July 2, 2018

Respectfully submitted,

FISHER & PHILLIPS LLP

By:  /s/ Bingxi Sun
LONNIE D. GIAMELA
BINGXI SUN
Attorneys for Defendant
COMPASS GROUP USA, INC.

7

DEFENDANT COMPASS GROUP USA, INC.'S NOTICE OF REMOVAL OF ACTION

FPDOCS 33918626.1

## CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On July 2, 2018 I served the foregoing document entitled **DEFENDANT COMPASS GROUP USA, INC. dba COMPASS GROUP FOODSERVICE'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| Michael J. Reed<br>Attorney at Law<br>60 Creek Tree Lane<br>Alamo, CA 94507 | Attorney for Plaintiff<br>JEFFREY BORDERS<br><br>Tel: (925) 743-8353 |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website.  The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed July 2, 2018 at Los Angeles, California.

Vanessa Palma
_____
Print Name

By:  /s/Vanessa Palma
_____
Signature

FPDOCS 33918626.1